IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2043-FL

| | | |
|---|---|---|
| MECCA TAURICE EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN AT FMC BUTNER, | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on petitioner's motion to seal (DE # 4) his memorandum in support of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, to which respondent has not responded. In this posture, the matter is ripe for adjudication.

The public has a right pursuant to the First Amendment to the United States Constitution of access to judicial records and documents. See, e.g., Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 578 (4th Cir. 2004) (citing Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). As such, the parties must offer a compelling reason to keep them under seal. Id. at 578-79. "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." Id. at 575 (citing Press-Enter Co. v. Superior Court, 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion[.])).

Here, petitioner seeks to seal his memorandum in support of his § 2241 petition because it contains confidential information derived from his pre-sentence investigation report. Petitioner, however, does not direct the court's attention to the specific information that raises privacy

concerns. Thus, petitioner's motion to seal (DE # 4) is DENIED.

    SO ORDERED, this the 5th day of September, 2012.

                                                                             LOUISE W. FLANAGAN
                                                                             United States District Judge