IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2043-FL

| | |
|---|---|
| MECCA TAURICE EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN AT FMC BUTNER, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (DE # 10) of respondent the Warden at the Federal Medical Center in Butner, North Carolina ("respondent"). Petitioner did not respond to respondent's motion. For the following reasons, the court grants respondent's motion to dismiss.

## STATEMENT OF THE CASE

On February 15, 2011, petitioner, through counsel, filed this habeas petition pursuant to 28 U.S.C. § 2241. Petitioner, alternatively, petitions the court for a writ of error coram nobis pursuant to 28 U.S.C. § 1651(a). Petitioner challenges his sentencing enhancement pursuant to 21 U.S.C. § 851 in light of the United States Supreme Court's ruling in Carachuri v. Holder, 130 S.Ct. 2577 (2010), and the Fourth Circuit Court of Appeals ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On July 12, 2012, respondent filed a motion to dismiss arguing that petitioner's petition fails to state a claim upon which relief my be granted. Although he was notified of

---

[1] Respondent does not indicate which Federal Rule of Civil Procedure he seeks dismissal under. The court assumed respondent seeks dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

respondent's motion, petitioner did not file a response.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B.  Analysis

1.  Section 2241 Petition

Respondent contends that petitioner's action should be dismissed because petitioner is inappropriately attacking the legality of his sentence in his § 2241 petition. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255;

see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. Id. 115 F.3d at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

Petitioner is not able to satisfy the second prong of the Jones test because the substantive law has not changed so that his conduct no longer is criminal. Rather, petitioner's challenge is limited to his sentencing enhancement and not his conviction. The Fourth Circuit has not extended the reach of the savings clause to petitioners challenging only their sentencing enhancement. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); United States v. Poole, 531 F.3d 263-267 n.7 (4th Cir. 2008); Hines v. Owens, No. 4:10-CV-2843-RBH, 2011 WL 53030, *2 (D.S.C. Jan. 7, 2011), aff'd, No. 11-6123, 2011 WL 4526017 (4th Cir. Sept. 30, 2011); McCall v. United States, No. 3:12-cv-792-FDW, 2012 WL 5995535, at *2-3 (W.D.N.C. Nov. 30, 2012).

Petitioner does not argue that the conduct for which he was convicted has been deemed non-criminal. Thus, this court finds that petitioner has not satisfied the Jones criteria by establishing that § 2255 is "inadequate or ineffective to test the legality of his detention." Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously has filed such a habeas action. See Pet. p. 4. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner has not shown either of these. Therefore, petitioner has failed to satisfy the § 2255 gatekeeping provision. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

2.  Petition for a Writ of Error Coram Nobis

As for petitioner's petition for a writ of error coram nobis, the Fourth Circuit Court of Appeals in In re Evans, 478 F. App'x 760 (4th Cir. Sept. 13, 2012), recently explained:

> The writ of error coram nobis is an extraordinary remedy which may be used to correct fundamental error in a criminal conviction 'presenting circumstances compelling its use to achieve justice.' *United States v. Denedo,* 556 U.S. 904, 911, 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009) (internal quotation marks omitted); *see United States v. Akinsade,* 686 F.3d 248, 252 (4th Cir.2012). Remedy under the writ is limited to those petitioners who are no longer in custody pursuant to their convictions. *Carlisle v. United States,* 517 U.S. at 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996). Moreover, the remedy will not lie when an alternative remedy, such as habeas corpus, is available. *Denedo,* 556 U.S. at 911, 129 S.Ct. 2213; *Akinsade,* 686 F.3d at 252.

Id. at *1.

Here, petitioner currently is in custody pursuant to his convictions. Moreover, petitioner has not demonstrated that habeas corpus is unavailable. Thus, petitioner is not entitled to relief pursuant to a writ of error coram nobis.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 10) is GRANTED, and the action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 20th day of December, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge